**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23294-BLOOM/Otazo-Reyes**

CARMELO CALLEJAS,

Plaintiff,

v.

CITY OF MIAMI BEACH, *et al.*,

Defendants.
______________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant City of Miami Beach's ("City") and Richard Clements's ("Clements") (collectively, "Defendants") Motion to Dismiss Counts V and VI of Plaintiff's First Amended Complaint, ECF No. [38] ("Motion"), filed on December 27, 2021. Plaintiff Carmelo Callejas ("Plaintiff") filed a Response to the Motion, ECF No. [45] ("Response"), to which Defendant City filed a Reply, ECF No. [46] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendants and Defendant Richard Ocejo ("Ocejo") on August 13, 2021. *See* ECF No. [1-2]. Defendants removed this lawsuit on September 13, 2021, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. *See* ECF No. [1].

According to the First Amended Complaint, ECF No. [33] ("Amended Complaint"), on August 26, 2020, Plaintiff was walking through Miami Beach's Normandy Isles neighborhood. *Id.*

¶ 10. At that time, Plaintiff was experiencing homelessness and entered a property, which he believed to be unoccupied, with a female friend. *Id.* ¶ 11. The property, however, was not unoccupied and its residents were home and noticed that Plaintiff was on the property. *Id.* ¶ 12. Plaintiff then fled the property and the residents called the police to report Plaintiff as a trespasser. *Id.* ¶¶ 13-14.

Miami Beach police officers reported to the scene and began to search for Plaintiff throughout the Normandy Isles neighborhood. *Id.* ¶ 15. Plaintiff attempted to hide when he heard police in the area to avoid detection. *Id.* ¶ 16. Ocejo, a Miami Beach officer, along with his canine partner, "Thor," found Plaintiff laying down. *Id.* ¶¶ 17-18. Plaintiff was unarmed, did not pose a threat, and never intended or intimated that he would not be arrested or questioned peacefully. *Id.* ¶ 18. Ocejo instructed Thor to attack Plaintiff into submission without determining whether Plaintiff was a threat. *Id.* ¶ 19. Thor attacked Plaintiff, causing Plaintiff to suffer sever and deep puncture wounds and lacerations on his neck, head, and hands. *Id.* ¶¶ 20-23. Then, when Ocejo and other unknown officers approached Plaintiff to place him under arrest, they kicked, punched, and otherwise struck Plaintiff. *Id.* ¶ 24. As a result of the attack, Plaintiff required immediate emergency medical attention before he could be taken for processing, and he remained in the hospital for four days. *Id.*¶¶ 25-29.

Through his attorneys, Plaintiff made multiple requests for the City to provide all police body camera videos taken of Plaintiff's arrest pursuant to Florida's Sunshine Law. *Id.* ¶ 30. In response, the City only provided videos of the search for Plaintiff, along with videos depicting Plaintiff on a stretcher being carried to the hospital. *Id.* ¶ 31. Critically, the City did not provide video footage of Thor's encounter with Plaintiff, the actual arrest or handcuffing of Plaintiff, or

the immediate aftermath. *Id.* Additionally, none of the police reports of the incident indicated the severity of the injuries Plaintiff sustained. *Id.* ¶ 34.

Based on the foregoing, Plaintiff asserts the following six claims for relief: Violation of Plaintiff's Fourteenth Amendment Rights, Pursuant to 42 U.S.C. § 1983, against Ocejo and Unknown Officers (Count I); Conspiracy to Violate Plaintiff's Fourth Amendment Rights, Pursuant to 42 U.S.C. § 1983, against Ocejo and Unknown Officers (Count II); Assault Under Florida State Law, against Ocejo and Unknown Officers (Count III); Battery Under Florida State Law, against Ocejo and Unknown Officers (Count IV); Violation of Plaintiff's 14th Amendment Rights, Pursuant to 42 U.S.C. § 1983, against the City (Count V); and Violation of Florida Sunshine Laws, against the City (Count VI).

In the instant Motion, the City seeks dismissal of Counts V and VI of the Amended Complaint for failure to state a claim. *See generally* ECF No. [38]. Additionally, Clements, Chief of Police for the City of Miami Beach, seeks dismissal of any claims against him because, while named in Plaintiff's original complaint, he is not identified in the Amended Complaint. *Id.*

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

It is through this lens that the Court considers the Motion and the parties' arguments.

## III. DISCUSSION

Defendants seek dismissal of Counts V and VI of the Amended Complaint, raising three overarching arguments: (1) Plaintiff's official capacity claim against Clements must be dismissed because he is not identified in the Amended Complaint; (2) Count V fails to plead essential

elements required to hold a municipality liable under 42 U.S.C. § 1983; and (3) Count VI fails to plead a cognizable Florida Sunshine Law violation under Fla. Stat. § 119.12 ("Chapter 119"). *See generally* ECF No. [38]. In his Response, Plaintiff "concede[s] the City's argument regarding only Count V of the Amended Complaint." ECF No. [45] at 2 (emphasis omitted). Additionally, Plaintiff agrees that Clements is not named in the Amended Complaint and there is no claim asserted against him. *Id.* Therefore, the Court only addresses the Motion as it pertains to Count VI.

The City maintains that Count VI is subject to dismissal for several reasons. First, while Plaintiff alleges that he made a public records request on October 20, 2020, that "was not an actual public records request to inspect and copy public records but rather a request to preserve and maintain evidence." ECF No. [38] at 18; *see also* ECF No. [38-5] ("Preservation Letter").[1] Second, Plaintiff has failed to plead a proper remedy pursuant to Chapter 119—namely, instead of bringing a cause of action for mandamus relief, the Amended Complaint seeks damages for the City's alleged violation, which is not an available remedy under Chapter 119. *Id.* at 19. Third, the City maintains that "Count VI is the quintessential example of a shotgun count" because it "incorporate[es] into successive counts all preceding allegations and counts[.]" *Id.* at 20 (citation omitted).

Plaintiff responds that dismissal of Count VI is not warranted. First, according to Plaintiff, counsel for Plaintiff "sent its first letter of representation to the City requesting that it keep and maintain all information related to the subject arrest on October 20, 2020." ECF No. [45] at 2.

[1] While the Preservation Letter is not attached as an exhibit to the Amended Complaint, the Court may consider the document in considering the instant Motion because it is referenced in the Amended Complaint and Plaintiff does not dispute its authenticity. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (In considering a Rule 12(b)(6) motion, a court "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." (citation omitted)); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citation omitted)).

Then, three days later, counsel for Plaintiff spoke with "a representative of the City regarding requesting the bodycam footage of the subject arrest." *Id.* at 2-3. On October 26, 2020, the City's representative responded to counsel's request, "stating that the request had been submitted and that there would be delays in responding due to [the COVID-19 pandemic.]" *Id.* at 3; *see also* ECF No. [45-1]. Counsel explains that "these emails were to have been included to the Amended Complaint as Exhibit 'A' and were inadvertently left off." ECF No. [45] at 3. Further, Plaintiff argues that while the City responded to the request on April 8, 2021, the City omitted eleven videos from the production, demonstrating that "the City did not fully comply with the public records request and is thus liable for same." *Id.*

Next, Plaintiff maintains that "[w]hile it is true what the wherefore clause of the Amended Complaint does request damages, it also requests" an award of "litigation costs, reasonable attorney's fees and any other relief[.]" *Id.* at 4 (quoting ECF No. [33] ¶ 80). Thus, according to Plaintiff, "[e]ven if the Court finds that a writ of mandamus is no longer necessary because the City has since complied with the request for public records (after this suit was filed) it is still liable for [Plaintiff's] attorney fees and costs for its violation of the law." *Id.* (citation omitted). As such, Plaintiff avers that "this Court should retain jurisdiction to determine the amount of attorney fees owed to the undersigned for having to bring Count VI." *Id.*

The City replies that "the only claim that is raised against the City is a state law claim" and "the Court should decline to exercise supplemental jurisdiction over Count VI because the alleged Florida Sunshine Law violation neither arises out of the same set of facts nor is connected to the Section 1983 liability claims." ECF No. [43] at 3-4. The City further rehashes its argument that "[a] writ of mandamus is the appropriate remedy to compel the timely production of a public records request under Chapter 119" and highlights that "Plaintiff's Response does not sufficiently

address the City's argument that he failed to allege a proper remedy to compel the timely production of a public records request[.]" *Id.* at 5-6. In sum, the City maintains that Plaintiff "is not entitled to attorney fees under the statutory scheme because he has not filed a petition for a writ of mandamus." *Id.* at 7. Moreover, the City avers that Plaintiff's attempt to amend his Amended Complaint through his Response to the Motion is "inappropriate" and the Court should not tolerate the shotgun nature of the Count VI. *Id.* at 7-8.

Upon review of the record and consideration of the parties' briefings, the Court agrees that Count VI is subject to dismissal for several reasons.[2] First, the Court highlights that while Plaintiff alleges that he "made a request for public records in the form of the video taken by the body worn cameras of the officers who responded to or were present at the scene of [Plaintiff's] arrest[,]" ECF No. [33] ¶ 77, and concedes that he identified the Preservation Letter in his Amended Complaint, ECF No. [45] at 2-3, Plaintiff's attempt to clarity or amend his claim in response to the City's Motion is improper. Indeed, the Eleventh Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a

[2] The Court rejects the City's argument in its Reply that the Court should decline to exercise supplemental jurisdiction over Count VI and accordingly sever it from the Amended Complaint and remand it to state court. *See* 28 U.S.C. § 1454(d) ("If a civil action is removed solely under this section, the district court may . . . remand any claims within the supplemental jurisdiction of the district court under section 1367."). Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Here, none of the exceptions to supplemental jurisdiction provided under Section 1367(c) apply. Plaintiff's claim for violation of Florida's Sunshine Law does not raise a "novel or complex issue of State law" nor does it "substantially predominate" over the federal claims asserted in this action. This Court has not dismissed all the federal claims asserted in this action and does not find any other "compelling reasons for declining jurisdiction." *See* 28 U.S.C. § 1367(c). Accordingly, the Court finds it proper to exercise supplemental jurisdiction over Count VI pursuant to 28 U.S.C. § 1367.

response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint." (citation omitted)).

Additionally, as the City correctly sets forth, Plaintiff has failed to allege a proper remedy under Chapter 119. Under Florida law, "mandamus [is] an appropriate remedy to compel the timely production of public records requests under Chapter 119" because "[t]he production of public records requests is ministerial[.]" *Town of Manalapan v. Rechler*, 674 So. 2d 789, 790 (Fla. 4th DCA 1996); *Potts v. State*, 869 So. 2d 1223, 1225 (Fla. 2d DCA 2004) ("Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an 'official.'" (citation omitted)).

Plaintiff has not filed a petition for a writ of mandamus, but rather seeks relief in the form of "compensatory" and "punitive damages" which are not available under Chapter 119. ECF No. [33] ¶ 80; *see also* Fla. Stat. § 119.12(1); *Daniels v. Bryson*, 548 So. 2d 679, 680 (Fla. 3d DCA 1989) ("Since the purpose of Chapter 119 is to afford disclosure of information without delay to any member of the public making a request, nondisclosure prevents access to the information and is an injury not ordinarily compensable in damages."). Despite this deficiency, Plaintiff maintains that Count VI nonetheless survives because he also seeks relief in the form of "litigation costs, reasonable attorney's fees, and any other relief this Court deems just and proper." ECF No. [45] at 5; *see also* ECF No. [33] ¶ 80. Plaintiff's argument is unavailing.

The statutory language of Chapter 119 provides that "[i]f a civil action is filed against an agency to enforce the provisions of this chapter, the court shall assess and award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency[.]" Fla. Stat. § 119.12. As the City correctly argues, a petition for a writ of mandamus is "a civil action" under Chapter 119 and the appropriate means of compelling compliance, which Plaintiff has failed

to pursue. *See Weeks v. Golden*, 764 So. 2d 633, 634 (Fla. 1st DCA 2000) ("To the extent that records in his possession are subject to disclosure by law, the State Attorney has a ministerial duty to make them available in response to a proper request, and mandamus is an appropriate means of compelling compliance." (citation omitted)).[3] As such, because Plaintiff has not sought the appropriate remedy to compel the timely production of a public records request under Chapter 119, the Court cannot conclude that Plaintiff is entitled to fees under the statutory framework.

Further, dismissal of Count VI is warranted because it constitutes an impermissible shotgun count. Specifically, in the first paragraph of Count VI, Plaintiff realleges and incorporates "all preceding paragraphs[.]" ECF No. [33] ¶ 72; *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); *see also Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading[.]"). Plaintiff does not address this procedural deficiency in his Response. *See generally* ECF No. [45].

For these reasons, Count VI of the Amended Complaint is due to be dismissed.[4]

---

[3] In support of his position that the "Court should retain jurisdiction to determine the amount of attorney fees owed to the undersigned for having to bring Count VI," Plaintiff relies on *Schweickert v. Citrus Cnty. Fla. Bd.*, 193 So. 3d 1075 (Fla. 5th DCA 2016). However, *Schweickert* is material distinguishable from the case at hand because the plaintiff there properly "filed a mandamus petition[.]" *Id.* at 1078.

[4] In the conclusion of his Response, Plaintiff requests an opportunity to file a Second Amended Complaint. ECF No. [45] at 4. However, Plaintiff's request is procedurally improper. The Eleventh Circuit has found that district courts do not abuse their discretion in denying leave to amend where the request appears in an opposition to a motion to dismiss. *See Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (district court "soundly rejected the [plaintiff's] infirm request" for leave to amend because "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly" (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (holding that a plaintiff's failure to

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion**, ECF No. [38]**, is **GRANTED**.
2. Count V and VI of the Amended Complaint, **ECF No. [33]**, are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 10, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

request leave to amend anywhere outside of her opposition to the motion to dismiss "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint").